# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff,  ) | |
| ) | CRIMINAL ACTION |
| v.  ) | |
| ) | No. 03-20149-01-KHV |
| SAMMY NICHOLS,  ) | |
| ) | |
| Defendant.  ) | |
| _____) | |

## MEMORANDUM AND ORDER

On November 2, 2004, defendant entered a plea of guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii) and 846. On September 12, 2005, the Court sentenced defendant to 360 months. On May 17, 2008, the Court reduced defendant's sentence to 324 months. On July 24, 2008, defendant filed a motion to modify his sentence pursuant to the retroactive application of Amendment 706 of the Guidelines. The Court overruled the motion, and defendant appealed. The Tenth Circuit affirmed, and on October 5, 2009, the Supreme Court denied defendant's petition for a writ of certiorari.

This matter is before the Court on defendant's letter (Doc. #333) which the Court received on March 22, 2010, and which the Court construes as a motion to reduce sentence. Defendant asserts that in determining his sentence, the Court erroneously applied the career criminal provision of the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. For reasons stated below, the Court overrules defendant's motion.

A federal district court may modify a defendant's sentence only where Congress has expressly authorized it to do so. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996); 18 U.S.C. § 3582(c). Congress has set forth three limited circumstances in which a court may

modify a sentence: (1) upon motion of the Director of the Bureau of Prisons in extraordinary circumstances or where defendant has reached 70 years of age and has served at least 30 years in prison; (2) when "expressly permitted by statute or by Rule 35;" and (3) when defendant has been sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c); see Blackwell, 81 F.3d at 947-48. None of these exceptions apply here. Defendant has not cited any statute which authorizes the Court to modify his sentence. Moreover, Rules 35 and 36 of the Federal Rules of Criminal Procedure clearly do not authorize a substantive modification of defendant's sentence at this time. See Fed. R. Crim. P. 35 (authorizes resentencing to correct illegal sentence on remand from court of appeals, to reflect defendant's substantial assistance on motion of the government, and to correct arithmetical, technical or other clear error within fourteen days of sentencing); Fed. R. Crim. P. 36 (authorizes court to correct clerical-type errors). Finally, the Court does not have inherent authority to resentence defendant. See Blackwell, 81 F.3d at 949. For these reasons, the Court does not have jurisdiction to resentence defendant at this time.

Defendant can arguably seek relief under 28 U.S.C. § 2255. The Tenth Circuit has cautioned district courts against recharacterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion. See United States v. Apodaca, 90 Fed. Appx. 300, 303 (10th Cir.), cert. denied, 543 U.S. 994 (2004). Accordingly, the Court declines to treat defendant's present letter as a motion under Section 2255. In addition to the procedural obstacles under 28 U.S.C. § 2255, defendant should note that the plea agreement appears to bar any challenge to his sentence including any collateral attack under 28 U.S.C. § 2255. See Plea Agreement ¶ 11 (Doc. #187) filed November 4, 2004.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #333) which the Court received on March 22, 2010, which the Court construes as a motion to reduce sentence, be and hereby is **OVERRULED**.

Dated this 6th day of August, 2010 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge