IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 03-20149-01-KHV |
| v. | ) | |
| | ) | |
| SAMMY NICHOLS, | ) | CIVIL ACTION |
| | ) | No. 11-2114-KHV |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On November 2, 2004, defendant entered a plea of guilty to conspiracy to distribute cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii) and 846. On September 12, 2005, the Court sentenced defendant to 360 months. On May 17, 2008, the Court reduced defendant's sentence to 324 months. This matter comes before the Court on defendant's Motion To Vacate, Set Aside, Or Correct Sentence Of Defendant In Federal Custody Pursuant To 28 U.S.C. § 2255(f)(3) (Doc. #366) filed February 25, 2011. For reasons stated below, the Court overrules defendant's motion as untimely.[1]

## Analysis

Section 2255 provides a one-year period of limitation which ordinarily runs from the date

---

[1] A court may raise procedural bars sua sponte but must afford the movant an opportunity to respond to the defenses. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar sua sponte where transcendent interests served by that defense warrant it). Accordingly, before dismissing a Section 2255 motion on timeliness grounds, the Court ordinarily grants defendant an opportunity to brief the issue. Here, defendant raised the timeliness issue and he thoroughly addressed the issue in his initial motion. See Doc. #366 at 3-5. The Court therefore declines to order any further briefing on the issue.

on which the judgment of conviction becomes final.[2] If a defendant does not file a direct appeal of his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on September 13, 2005, the Court entered judgment. See Judgment In A Criminal Case (Doc. #252). Under Rule 4(b) of the then current version of the Federal Rules of Appellate Procedure, defendant's judgment became final on September 27, 2005, ten days later (excluding Saturdays and Sundays). Therefore defendant had until September 27, 2006 to file a motion to vacate under Section 2255.

Defendant maintains that under Johnson v. United States, 130 S. Ct. 1265 (2010), the Court improperly enhanced his sentence under the career offender guideline, United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1, based in part on a prior conviction for involuntary manslaughter which does not qualify as a "crime of violence." Section 4B1.1 of the Sentencing Guidelines defines "crime of violence" by referring to Section 4B1.2 of the Guidelines. See U.S.S.G. § 4B1.1 App. n.1.

---

[2] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Section 4B1.2(a) in turn defines "crime of violence" to mean any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that-

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).[3]

Defendant asserts that his motion is timely under Section 2255(f)(3) because it is based on Johnson, which initially recognized his right to relief less than one year before he filed his motion. Johnson held that "touching" in a Florida battery statute does not categorically equate to the "physical force" which is necessary to qualify as a "violent felony" under the first part of the definition in the ACCA, 18 U.S.C. § 924(e)(2)(B)(i). See Johnson, 130 S. Ct. at 1271-72. Johnson did not address the second part of the definition in the ACCA including the residual clause for crimes that otherwise involve "conduct that presents a serious potential risk of physical injury to another." Approximately two years before Johnson, however, in Begay v. United States, 553 U.S. 137 (2008), the Supreme Court held that the residual clause in the second part of the definition is limited to offenses which are similar both in kind and degree of risk to those enumerated and demonstrate the same "purposeful, violent, and aggressive" conduct. Begay, 553 U.S. at 143-45. In other words, the Supreme Court held that the residual clause of the ACCA "covers only similar

---

[3] The definition of a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B), includes these same two clauses and is otherwise substantially the same as the definition of a "crime of violence" under U.S.S.G. § 4B1.2. United States v. Charles, 576 F.3d 1060, 1068, n.2 (10th Cir. 2009). The Tenth Circuit has concluded that the Supreme Court's analysis under the ACCA "applies equally to the sentencing guidelines." United States v. Tiger, 538 F.3d 1297, 1298 (10th Cir. 2008).

-3-

crimes" to the ones that are listed rather than every crime that "presents a serious potential risk of physical injury to another." United States v. Harris, 608 F.3d 1222, 1231 (11th Cir. 2010) (quoting Begay, 553 U.S. at 142 and 18 U.S.C. § 924(e)(2)(B)(ii)).

Here, the Court sentenced defendant as a career criminal under U.S.S.G. § 4B1.1 based in part on his prior conviction for involuntary manslaughter under Kansas law. See Presentence Investigation Report ¶¶ 122, 123. The Court essentially concluded that under the residual clause of Section 4B1.2(a)(2), defendant's prior conviction for involuntary manslaughter involved "conduct that presents a serious potential risk of physical injury to another." U.S.S.G. § 4B1.2(a)(2).[4]

As explained above, Begay – not Johnson – addressed the meaning of the residual clause in the ACCA which is identical to the residual clause in Section 4B1.2(a)(2). Based on Begay, several courts have held that a prior conviction for involuntary manslaughter does not qualify as a predicate crime of violence under U.S.S.G. § 4B1.1. See United States v. Peterson, 629 F.3d 432, 439-40 (4th Cir. 2011) (involuntary manslaughter under North Carolina law does not qualify under U.S.S.G. § 4B1.1); United States v. Woods, 576 F.3d 400, 401 (7th Cir. 2009) (conviction for involuntary manslaughter which only required recklessness does not qualify under Sentencing Guidelines); United States v. Herrick, 545 F.3d 53, 59 (1st Cir. 2008) (Wisconsin vehicular homicide felony not crime of violence under U.S.S.G. § 4B1.2(a)); see also United States v. Culbertson, 389 Fed. Appx. 515, 519-20 (6th Cir. 2010) (manslaughter with a motor vehicle not "violent felony" under ACCA).

---

[4] The crime of involuntary manslaughter under Kansas law does not include the element of "the use, attempted use, or threatened use of physical force against the person of another" so the first provision of Section 4B1.2(a) does not apply. U.S.S.G. § 4B1.2(a)(1); see K.S.A. 21-3404(a) (unintentional reckless killing of human being). Likewise, because the crime of involuntary manslaughter is not listed in the second provision of Section 4B1.2(a) (identifying burglary of dwelling, arson, extortion and crimes involving use of explosives), only the residual clause of the second provision potentially applied.

Because defendant did not file his Section 2255 motion within one year of Begay, which the Supreme Court decided on April 16, 2008, his motion is untimely. See Foulks v. United States, No. 01-cr-40066, 2011 WL 1990542, at *1 (S.D. Ill. May 23, 2011) (Section 2255 challenge to enhancement under U.S.S.G. § 4B1.1 for involuntary manslaughter conviction due April 16, 2009); United States v. Meirovitz, No. 88-111-DSD, 2011 WL 1260928, at *1 (D. Minn. Apr. 5, 2011) (Johnson merely applied principle recognized in Begay).

## Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. See 28 U.S.C. § 2255; United States v. Kilpatrick, 124 F.3d 218, 1997 WL 537866, at *3 (10th Cir. Sept. 2, 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where factual matters raised by Section 2255 petition may be resolved on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless "petitioner's allegations, if proved, would entitle him to relief" and allegations are not contravened by the record).

## Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a

constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate, Set Aside, Or Correct Sentence Of Defendant In Federal Custody Pursuant To 28 U.S.C. § 2255(f)(3) (Doc. #366) filed February 25, 2011 be and hereby is **OVERRULED**.

Dated this 21st day of June, 2011 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge

---

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).