IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 03-20149-01-KHV |
| v. | ) | |
| | ) | |
| SAMMY NICHOLS, | ) | CIVIL ACTION |
| | ) | No. 11-2114-KHV |
| Defendant. | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

On June 21, 2011, the Court overruled defendant's motion to vacate his sentence under 28 U.S.C. § 2255 as untimely. See Memorandum And Order (Doc. #369). This matter is before the Court on defendant's Motion To Reconsider/Amend Judgment (Doc. #371) filed July 18, 2011. For reasons stated below, the Court overrules defendant's motion.

## Legal Standards

A court has discretion whether to grant a motion to reconsider. Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 944 (10th Cir. 1995). The Court may recognize any one of three grounds justifying reconsideration: an intervening change in controlling law, availability of new evidence, or the need to correct clear error or prevent manifest injustice. See Major v. Benton, 647 F.2d 110, 112 (10th Cir. 1981); Burnett v. W. Res., Inc., 929 F. Supp. 1349, 1360 (D. Kan. 1996); D. Kan. Rule 7.3(b). A motion to reconsider is not a second opportunity for the losing party to make its strongest case, to rehash arguments or to dress up arguments that previously failed. See Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan.), aff'd, 43 F.3d 1484 (10th Cir. 1994). Such motions are not appropriate if movant only wants the Court to revisit issues already addressed or to hear new arguments or supporting facts that could have been presented originally. See Van Skiver

v. United States, 952 F.2d 1241, 1243 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

**Analysis**

Defendant argues that the Court should reconsider its prior ruling because (1) under Begay v. United States, 553 U.S. 137 (2008) and Johnson v. United States, 130 S. Ct. 1265 (2010), his prior conviction for involuntary manslaughter does not qualify as a "crime of violence" under the career offender guideline, United States Sentencing Guidelines ("U.S.S.G.") § 4B1.1; (2) his prior conviction for second degree drug trafficking is not a "controlled substance offense" under the career offender guideline; (3) his counsel was ineffective because he did not object to the enhancement under the career offender guideline; (4) at sentencing, the Court violated his due process rights because it found that he was a career offender based on inaccurate information; and (5) he is entitled to equitable tolling because his counsel told him that he filed a Section 2255 motion and his counsel was disbarred.

Section 2255 provides a one-year period of limitation which ordinarily runs from the date on which the judgment of conviction becomes final.[1] If a defendant does not file a direct appeal of

---

[1] The one-year period of limitation runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

(continued...)

his conviction or sentence, the conviction becomes final upon the expiration of the time in which to take a direct criminal appeal. United States v. Prows, 448 F.3d 1223, 1227-28 (10th Cir. 2006). Here, on September 13, 2005, the Court entered judgment. See Judgment In A Criminal Case (Doc. #252). Under Rule 4(b) of the then current version of the Federal Rules of Appellate Procedure, defendant's judgment became final ten days later (excluding Saturdays and Sundays) on September 27, 2005,. Therefore defendant had until September 27, 2006 to file a motion to vacate under Section 2255. Because defendant did not file his motion until February 25, 2011, the Court found that his motion was untimely. See Memorandum And Order (Doc. #369) at 5.

Defendant argues that the Court should reconsider its ruling on the timeliness of his Section 2255 motion because under Begay and Johnson, his prior conviction for involuntary manslaughter does not qualify as a "crime of violence" under the career offender guideline. As the Court explained in its prior order, Begay – not Johnson – addressed the meaning of the residual clause in the ACCA which is identical to the residual clause in Section 4B1.2(a)(2). See Memorandum And Order (Doc. #369) at 4. Because defendant did not file his Section 2255 motion within one year of Begay, which the Supreme Court decided on April 16, 2008, his motion is untimely. See id. at 4-5.

The Court overrules defendant's remaining four arguments (prior conviction for second degree drug trafficking is not a "controlled substance offense," counsel was ineffective, the Court violated his due process rights and he is entitled to equitable tolling because counsel told him that he filed a Section 2255 motion and his counsel was disbarred)  because defendant did not

---

[1](...continued)
28 U.S.C. § 2255(f).

specifically raise them in his Section 2255 motion. A motion to reconsider is not a second opportunity for the losing party to make its strongest case. See Voelkel, 846 F. Supp. at 1483. Because defendant could have presented these arguments in his original Section 2255 motion, the Court overrules defendant's motion to reconsider on these grounds. See Van Skiver, 952 F.2d at 1243.

In any event, defendant has not shown that his second, third and fourth arguments would have been timely if he had raised them in his initial motion. As explained above and in a prior order, absent a specific exception, defendant had until September 27, 2006 to file a motion to vacate under Section 2255. Defendant does not cite to any pertinent change in the applicable law which would toll the deadline to raise his arguments.

Defendant's final argument related to equitable tolling is without substantive merit. Under subsection four of Section 2255, equitable tolling is available when an inmate diligently pursues his claims and demonstrates that extraordinary circumstances beyond his control caused his failure to timely file. See Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000), cert. denied, 531 U.S. 1194 (2001). The Tenth Circuit has noted that egregious attorney misconduct may constitute extraordinary circumstances that justify a failure to timely file. Fleming v. Evans, 481 F.3d 1249, 1256 (10th Cir. 2007). Here, defendant states that counsel told him that he had filed a Section 2255 motion and counsel was disbarred. Even if the Court assumes that defendant can show extraordinary circumstances based on egregious attorney misconduct, he has not alleged sufficient facts to show that he diligently pursued his claims. See id. at 1257 (petitioner must show that he acted with reasonable diligence); Gibson v. Klinger, 232 F.3d 799, 807 (10th Cir. 2000) (petitioner must show that after learning pertinent facts, he diligently pursued federal habeas claim). Defendant does not

explain when counsel allegedly told him that he had filed a Section 2255 motion. In any event, defendant certainly understood by March of 2008 that Mr. Thomas no longer represented him because he filed a pro se motion for relief.[2] Defendant has not alleged extraordinary circumstances beyond his control that prevented him from filing his Section 2255 until nearly three years later, on February 25, 2011. Despite any alleged misconduct by counsel, defendant has not shown that he diligently pursued his claims under Section 2255.[3]  See Penn v. Kline, 348 Fed. Appx. 344, 347

---

[2]     On March 13, 2008, defendant filed a motion under 18 U.S.C. § 3582 and represented that he was proceeding pro se and without the aid of counsel. See Doc. #276. On March 31, 2008, defendant sent a letter which asked the Court to appoint an attorney for him. See Doc. #281. The letter stated in part that Mr. Thomas "through his ineffective counseling" did not answer defendant's calls or return any of his letters. Id. at 1. The letter also stated that Mr. Thomas was not listed as an attorney with the bar and that defendant personally believed that Mr. Thomas did not currently practice law. See id. at 2. In July of 2008, the Federal Public Defender through Kirk Redmond entered an appearance on behalf of defendant as to his Section 3582 motion. Mr. Redmond continued to represent defendant on appeal of that matter. On March 22, 2010, defendant filed a letter which the Court construed as a pro se motion to reduce sentence. See Doc. #333. In that letter, defendant noted that Mr. Thomas could no longer practice law. See id. at 2.

[3]     In an unpublished opinion, the Tenth Circuit rejected a similar argument which defendant raises here as follows:

> Galindo argues the district court should have held a hearing regarding equitable tolling because (1) he did not have access to legal materials in Spanish or to a Spanish-speaking law clerk; (2) an inmate told him he could file a § 2255 petition at any time; and (3) he asked his attorney to file a notice of appeal, but his attorney did not do so. ROA Vol. 1, at 71–72. Galindo's first two arguments easily fail. We have previously held that lack of knowledge regarding the law, including ignorance resulting from language barriers, does not toll the statute of limitations. Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000); Yang v. Archuleta, 525 F.3d 925, 929–30 (10th Cir. 2008). Moreover, delays caused by fellow inmates providing legal assistance do not justify equitable tolling. Marsh, 223 F.3d at 1220 ("The fact that an inmate law clerk was assisting in drafting [a motion] does not relieve [a plaintiff] from the personal responsibility of complying with the law.").
>
> We are also unpersuaded by Galindo's remaining assertion — that equitable tolling applies because his attorney disregarded his instruction to file a direct appeal from

(continued...)

-5-

(10th Cir. 2009) (attorney failure to file petition does not indefinitely toll limitations period; defendant's subsequent delay of nearly ten months insufficient to show diligence required for equitable tolling); Brown v. United States, 20 Fed. Appx. 373, 375 (6th Cir. 2001) (mistaken belief that counsel was prosecuting appeal insufficient to invoke equitable tolling because defendant failed to monitor status of appeal); see also Fleming, 481 F.3d at 1255-56 (even incarcerated clients must vigilantly oversee attorney conduct and ultimately bear responsibility for attorney error). Accordingly, defendant has not shown that he is entitled to equitable tolling of the limitations period.

**IT IS THEREFORE ORDERED** that defendant's Motion To Reconsider/Amend Judgment (Doc. #371) filed July 18, 2011 be and hereby is **OVERRULED**.

---

[3](...continued)
the district court's sentencing. Even assuming that Galindo asked his attorney to file an appeal and that — as Galindo implicitly asserts — he believed his sentence had been appealed, the statute of limitations still bars his claim because he filed his habeas petition a full year after the statute had run. Although Galindo may have reasonably thought for a few months that his attorney had filed a notice of appeal, he did not "diligently pursue [ ] his claims", id., because he apparently took no action to inquire regarding the status of his direct appeal and because he waited two full years to file his habeas petition. Accordingly, the district court did not err in declining to hold an evidentiary hearing or in concluding that Galindo's habeas petition was barred by the applicable statute of limitations.

United States v. Galindo, 406 Fed. Appx. 322, 324 (10th Cir.) (emphasis added), cert. denied, 131 S. Ct. 2466 (2011). Here, defendant has not shown that after sentencing in this case, he had an ongoing attorney-client relationship with Mr. Thomas. Even if such a relationship existed and Mr. Thomas told defendant at some point that he would file a Section 2255 motion, defendant apparently never attempted to monitor the progress of such a motion and waited five and a half years after judgment to file his own motion.

-6-

Dated this 29th day of September, 2011 at Kansas City, Kansas.

>s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge