IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CRIMINAL ACTION |
| v. ) | |
| ) | No. 03-20149-01-KHV |
| SAMMY NICHOLS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On November 4, 2004, defendant pled guilty to conspiracy to distribute and possess with intent to distribute more than five kilograms of cocaine. On September 12, 2005, the Court sentenced defendant to 360 months in prison. See Judgment In A Criminal Case (Doc. #252). This matter is before the Court on defendant's Motion For Modification Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #400) filed June 13, 2012. Defendant asks the Court to reduce his sentence under a recent retroactive amendment to the base offense levels for crack cocaine offenses. See U.S.S.G. §§ 2D1.1, 1B1.10. For reasons stated below, the Court overrules defendant's motion.

Under certain circumstances, a court may modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Under Amendment 750 to the Sentencing Guidelines, the minimum threshold amount of cocaine base for a base offense level of 38 increased from 4.5 kilograms to 8.4 kilograms.[1] Defendant argues that Amendment 750 lowered his base offense level. See Doc. #400 at 5. Because the Court found at

---

[1] In 2008, after the Court sentenced defendant, Amendment 706 to the Sentencing Guidelines raised the minimum threshold of cocaine base for a base offense level of 38 from 1.5 kilograms to 4.5 kilograms.

sentencing that defendant was responsible for 22.7 kilograms of cocaine base, see PSIR ¶¶ 97-98, well above the 8.4 kilogram floor for a base offense level of 38, he is not eligible for a reduced sentence under Amendment 750.  See United States v. Williams, No. 08-5014, 2008 WL 3861175, at *2 (10th Cir. Aug. 15, 2008); United States v. Woodson, No. 08-2022, 280 Fed. Appx. 568, at *1 (8th Cir. 2008) (because defendant's offense level unchanged under retroactive amendment, original sentence unaffected by amendment); United States v. Lawton, No. 08-40060-JAR, 2011 WL 5506282, at *1 (D. Kan. Nov. 10, 2011) (defendant not entitled to relief because 13.15 kilograms of crack is greater than 8.4 kilogram floor found at current U.S.S.G. § 2D1.1(c)(1)).  Accordingly, the Court overrules defendant's motion to reduce his sentence under Section 3582(c).

**IT IS THEREFORE ORDERED** that defendant's Motion For Modification Of Sentence Pursuant To Title 18 U.S.C. § 3582(c)(2) (Doc. #400) filed June 13, 2012 be and hereby is **OVERRULED**.

Dated this 20th day of June, 2012 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge
