IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 03-20149-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| SAMMY NICHOLS, ) | No. 16-2381-KHV |
| ) | |
| Defendant. ) | |
| _____) | |

**MEMORANDUM AND ORDER**

On September 12, 2005, the Court sentenced defendant to prison for 360 months, which it later reduced to 324 months. This matter is before the Court on defendant's Motion To Vacate Sentence [Under 28 U.S.C. § 2255] (Doc. #436) filed June 3, 2016. For reasons stated below, the Court dismisses defendant's motion to vacate as a second or successive motion under 28 U.S.C. § 2255 and grants a certificate of appealability.

**Factual Background**

On July 21, 2004, a grand jury returned an indictment which charged Sammy Nichols and others with conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a), (b)(1)(A)(ii) and 846. See Superseding Indictment (Doc. #147). On November 2, 2004, defendant pled guilty to that charge. Plea Agreement (Doc. #187). The Court determined that defendant was a career offender under Section 4B1.1(a) of the United States Sentencing Guidelines. Defendant's total offense level was 41, with a criminal history category VI, resulting in a sentencing range of 360 months to life in prison. On September 12, 2005, the Court sentenced defendant to 360 months. Defendant did not appeal.

On February 25, 2011, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. See Motion To Vacate, Set Aside, Or Correct Sentence Of Defendant In Federal Custody Pursuant To 28 U.S.C. § 2255(f)(3) (Doc. #366). On June 21, 2011, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #369).

On May 31, 2016, the Tenth Circuit Court of Appeals granted defendant leave to file a second or successive Section 2255 motion to raise a claim based on Johnson v. United States, 135 S. Ct. 2551 (2015). See Order (Doc. #435). On June 3, 2016, defendant filed a motion to vacate his sentence under 28 U.S.C. § 2255. Motion To Vacate Sentence (Doc. #436). Defendant asserts that under Johnson, he no longer qualifies as a career offender under Section 4B1.1 of the Guidelines and is entitled to a reduced sentence. Id. at 15-28.

**Analysis**

Defendant argues that he is entitled to relief under Johnson, which the Supreme Court decided less than one year before he filed his Section 2255 motion. In Johnson, the Supreme Court held that the residual clause portion of the "violent felony" definition under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. 135 S. Ct. at 2557-60, 2563. The Supreme Court later held that its ruling in Johnson was retroactive to cases on collateral review. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016). Defendant argues that based on the reasoning in Johnson, his conviction for involuntary manslaughter no longer is a "crime of violence" under the residual clause in Section 4B1.2(a)(2) of the Guidelines.

The government asserts that defendant's motion is barred as a second or successive motion. See Government's Response To Defendant's Motion To Vacate And Supplemental Brief

(Doc. #455) filed June 23, 2017 at 15-17.[1] Under Section 2255(h), the Court can consider a second or successive motion only if a panel of the court of appeals certifies that the motion contains –

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

On May 31, 2016, the Tenth Circuit Court of Appeals granted defendant leave to file a second or successive Section 2255 motion to raise a claim based on Johnson. See Order (Doc. #435). The Tenth Circuit's authorization, however, merely reflects its preliminary determination that defendant made a prima facie showing that he could meet the requirements of Section 2244(b). LaFevers v. Gibson, 238 F.3d 1263, 1264 (10th Cir. 2001) (evaluating analogous prohibition of successive § 2254 petitions); see Case v. Hatch, 731 F.3d 1015, 1030 (10th Cir. 2013) (after petitioner makes prima facie showing to appellate panel, district court must determine whether petition in fact satisfies requirements of § 2244(b)); 28 U.S.C. § 2244(b)(3)(C) (court of appeals may authorize filing of second or successive application if it determines that application makes prima facie showing that satisfies requirements); 28 U.S.C. § 2255(h) (second or successive § 2255 motion

---

[1] The government also asserts that defendant's motion is barred as untimely. See Government's Response To Defendant's Motion To Vacate And Supplemental Brief (Doc. #455) at 7-15. Under Section 2255(f)(3), the Court can consider a claim which is filed after the one-year deadline, but within one year of the date on which the Supreme Court initially recognized the right asserted, "if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The one-year statute of limitations is not jurisdictional. See United States v. Springer, 875 F.3d 968, 980 (10th Cir. 2017) (citations omitted). Because defendant has not satisfied the jurisdictional requirement for second or successive motions under Section 2255(h), the Court need not address the government's timeliness argument.

must be certified as provided in § 2244). This Court has an independent duty to examine defendant's second Section 2255 petition and determine whether the petition does, in fact, satisfy the gatekeeping requirements of Section 2244(b). LaFevers, 238 F.3d at 1265; see 28 U.S.C. § 2244(b)(4) (district court shall dismiss any claim presented in second or successive application that court of appeals has authorized unless applicant shows that claim satisfies requirements of section); United States v. Washington, 890 F.3d 891, 895 (10th Cir. 2018) (after court of appeals authorizes successive petition based on prima facie showing, defendant must pass through "second gate" in district court).

Initially, the Court addresses how the Supreme Court decision in Beckles v. United States, 137 S. Ct. 886 (2017), impacts defendant's claim. On March 6, 2017, the United States Supreme Court held that despite its holding in Johnson as to the ACCA residual clause, the Guidelines are not subject to a vagueness challenge under the Due Process Clause. Beckles, 137 S. Ct. at 892 (residual clause in § 4B1.2(a)(2) not void for vagueness); see id. at 894 (because Guidelines merely guide district court discretion, they are not amenable to vagueness challenge). The Supreme Court decision in Johnson, therefore, is not a "new rule of constitutional law" within the meaning of Section 2255(h)(2) which would support a due process challenge to the Guidelines. Defendant asserts that Beckles, which applied to the advisory Guidelines, does not foreclose his claim because this Court sentenced him under "mandatory" Guidelines. Supplemental Brief Re: Beckles (Doc. #454) filed June 1, 2017 at 1-2, 10. The Court sentenced defendant some eight months after the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005), which rendered the

Guidelines "effectively advisory." 543 U.S. at 245.[2] The Statement of Reasons in this case confirms that at the time of sentencing, this Court understood that the Guidelines were advisory. See Statement Of Reasons submitted September 13, 2005 at 1-3 (several references to "advisory" Guidelines). To the extent defendant argues that the Court effectively treated the career offender portion of the Guidelines as mandatory in violation of Booker, he should have raised any such argument at sentencing or on direct appeal. In light of Beckles, defendant's motion is barred as a second or successive motion.

Even if the Court were to assume that it effectively sentenced defendant under the mandatory Guidelines which pre-dated Booker or a mandatory portion of the Guidelines related to career offenders, his motion nevertheless is barred as a second or successive motion. Indeed, defendant concedes that recent Tenth Circuit authority requires this Court to "deny" his motion.[3] Status Report (Doc. #468) filed April 20, 2018 (citing United States v. Greer, 881 F.3d 1241 (10th Cir. 2018), petition for cert. filed (U.S. May 4, 2018), and United States v. Mulay, No. 17-3031, 2018 WL 985741 (10th Cir. Feb. 20, 2018)). In Greer, the Tenth Circuit held that a challenge to the residual clause of Section 4B1.2(a)(2) of the mandatory Guidelines does not assert a right recognized in Johnson. Greer, 881 F.3d at 1247. The Tenth Circuit reasoned as follows:

> [I]t is apparent that Mr. Greer has not raised a true Johnson claim because he was not

---

[2] Before Booker, the Guidelines were binding on district courts. Beckles, 137 S. Ct. at 894; Booker, 543 U.S. at 233. The pre-Booker Guidelines permitted departures in limited cases in which the judge found "an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the guidelines that should result in a sentence different from that described." Booker, 543 U.S. at 234 (citing 18 U.S.C. § 3553(b)(1) (2000 ed., Supp. IV)). Because departures were not available in every case, the Supreme Court found that the pre-Booker Guidelines were mandatory. Booker, 543 U.S. at 234.

[3] Defendant asks the Court to "deny" his motion. For reasons stated elsewhere in this order, the Court dismisses his motion for lack of jurisdiction.

>  sentenced under any clause of the ACCA. Instead, . . ., Mr. Greer is attempting to apply the *reasoning* of Johnson in a different context not considered by the [Supreme] Court. . . . To entertain such an argument would undermine Congress's intent in passing AEDPA and the "interests of comity and finality" underlying federal habeas review. See Teague v. Lane, 489 U.S. 288, 308, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989).

Greer, 881 F.3d at 1248 (emphasis in original); see also Mulay, 2018 WL 985741, at *4 (applying Greer to reject collateral challenge to § 4B1.2(a)(2) of mandatory Guidelines on vagueness grounds). Because the Tenth Circuit has not extended the right recognized in Johnson to a challenge under the then mandatory Guidelines, defendant's motion is barred as a second or successive motion.

For reasons stated above and substantially the reasons stated in the Government's Response To Defendant's Motion To Vacate And Supplemental Brief (Doc. #455), the Court finds that defendant's motion to vacate fails to meet the authorization standards for a second or successive motion under Section 2255(h). The Court therefore dismisses defendant's motion for lack of jurisdiction.[4]

### **Certificate Of Appealability**

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[5] To satisfy this standard, the movant must demonstrate

---

[4] Even if defendant could show that Johnson applies retroactively to his sentence, he has not shown how he is entitled to relief under Johnson. As the government notes, absent the career offender enhancement under the Guidelines, defendant's guideline range remains the same: 360 months to life.

[5] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted).

Defendant asks the Court to grant a certificate of appealability. Status Report (Doc. #468) at 1. The government takes no position on this issue. Id. at 4. Defendant bases his request on the purported circuit split on the issue whether the right recognized in Johnson applies to the residual clause of Section 4B1.2(a)(2) of the mandatory Guidelines. Contrary to the Tenth Circuit decision in Greer, the Seventh Circuit recently held that the right recognized in Johnson applies to vagueness challenges under Section 4B1.2(a)(2) of the mandatory Guidelines. See Cross v. United States, Nos. 17-2282 and 17-2724, --- F.3d ----, 2018 WL 2730774, at *3 (7th Cir. June 7, 2018). Despite the circuit split whether Johnson applies to challenges under the mandatory Guidelines, defendant cites no authority that the reasoning of Cross extends to sentences imposed after Booker, which rendered the Guidelines advisory. Even so, reasonable jurists could debate whether the rationale of Johnson and Cross extends to certain sentences after Booker in courts where the career offender guideline retained its pre-Booker mandatory features. See Defendant's Reply To Government's Response To Defendant's Motion To Vacate And Supplemental Brief Re: Beckles V. United States (Doc. #460) filed July 28, 2017 at 1-3 (arguing that Tenth Circuit continued to recognize mandatory features of career offender guideline for some time after Booker). Accordingly, the Court grants defendant a certificate of appealability. See Miller-El, 537 U.S. at 336 (certificate should issue if reasonable jurists could debate whether petition should have been resolved in different manner or issues presented were adequate to deserve encouragement to proceed further).

**IT IS THEREFORE ORDERED** that defendant's Motion To Vacate Sentence [Under 28 U.S.C. § 2255] (Doc. #436) filed June 3, 2016 is **DISMISSED for lack of jurisdiction.**

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on defendant's Section 2255 motion is **GRANTED**.

Dated this 20th day of June, 2018 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
